UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
**JAMES K. BREDAR**
UNITED STATES MAGISTRATE JUDGE

MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

July 21, 2009

Abdul Khaliq Mustafa Muhammad
10010 Hillgreen Circle, Apartment F
Cockeysville, Maryland   21030

David G. Sommer, Esquire
Gallagher, Evelius & Jones, LLP
218 North Charles Street, Suite 400
Baltimore, Maryland   21201

Subject: *Abdul Khaliq Mustafa Muhammad v. Provident Bankshares Corporation*
Civil Case No. WDQ-08-1290

Dear Mr. Muhammad and Mr. Sommer:

This case has been previously referred to me for resolution of discovery and related scheduling matters. Additionally, the question of whether counsel should be appointed for Plaintiff Muhammad has been referred to me. Before the Court is Plaintiff's motion for a continuance and for injunctive relief. (Paper No. 49.) Defendant Provident Bankshares has opposed the motion. (Paper No. 50.) No hearing is necessary. Local Rule 105.6. The motion is DENIED.

Plaintiff filed this lawsuit on May 16, 2008, and since that time, he has appeared *pro se*. He now seeks a 60-day continuance in order to find counsel; alternatively, he asks this Court to appoint counsel to represent him. Neither request has merit. At any point before or after filing his lawsuit, Plaintiff could have sought to secure counsel but evidently did not do so. Pausing the proceedings in a case that he initiated *pro se* so that he can obtain counsel is not fair to the opposing party. Nothing bars his ability to obtain counsel at any time. (It is noted that Plaintiff is not proceeding as an indigent since he paid his filing fee and since he has conducted the litigation for over a year at his own expense.) On the other hand, if Plaintiff were to obtain counsel, his lawyer might ask for a brief stay of approaching deadlines in order to begin representation in the middle of a case; without ruling in advance on an unripe, unfiled motion, the Court would certainly entertain such a request.

Plaintiff alternatively asks the Court to appoint counsel to represent him. (Paper No. 49, p.2.) Defendant correctly points out that such a request should be granted in a civil case only in exceptional circumstances. (Paper No. 50, p. 1.) *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) ("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases."). *See also Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995) ("Civil litigants do not have a right, either constitutional or statutory, to counsel."). An appointment of counsel could be made, if warranted, under 42 U.S.C. § 2000e-5(f)(1) ("Upon timely application by the

complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . ."). Within the Fourth Circuit, district courts that have considered this issue have evaluated a litigant's circumstances in light of four factors:

1. financial ability to retain counsel;
2. efforts to retain counsel;
3. capability of self-representation; and
4. merits of the case.

See *Tyson v. Pitt Co. Gov't*, 919 F. Supp. 205, 207 (E.D.N.C. 1996); *Young v. K-Mart Corp.*, 911 F. Supp. 210, 211 (E.D. Va. 1996).

Plaintiff fails to present circumstances justifying an appointment. The only circumstances stated in his motion are that he desires "to protect [his] interest and relieve [himself] of the mental stress of this case . . . ." (Paper No. 49, p. 3.) He has provided no information as to his assets from which a determination of his financial ability to obtain counsel can be made. He has not detailed his efforts, if there have been any, to retain counsel, although he lives in a metropolitan area (Greater Baltimore) where thousands of lawyers practice. In that regard, if his case were to end with a judgment in his favor, then it would be subject to 42 U.S.C. § 2000e-5(j), which permits an award of reasonable attorney's fees to a prevailing party; that possibility may increase the chance of retaining a lawyer. The Court further notes that Plaintiff has filed numerous papers with the Court and is well able to express himself; further, his case does not appear to present novel or complex issues. For purposes of addressing this motion, the Court presumes without deciding that Plaintiff's case presents a colorable claim. Considering all of the circumstances, factual and legal, the Court concludes that the interests of justice do not require the appointment of counsel for Plaintiff.

There is little doubt that the Plaintiff would benefit from the assistance of counsel in this case, and by its ruling the Court does not mean to imply otherwise. However, under the Constitution and laws of the United States, there currently is no "right to counsel" in most civil cases. The circumstances of this case are not so unusual or extraordinary as to bring it under some rule other than that which applies in ordinary civil matters.

Accordingly, Plaintiff's motion (Paper No. 49) is DENIED. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge


JKB/cw
cc: The Hon. William D. Quarles, Jr.
    Court file
    Chambers file